UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN H. McLAIN, V, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 5:14-cv-0380-CLS-JEO |
| | ) |
| JEFFERSON S. DUNN, | ) |
| COMMISSIONER, ALABAMA | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

This is an action on a petition for a writ of *habeas corpus*, filed pursuant to 28 U.S.C. § 2254 by John H. McLain, V, a former Alabama state prisoner acting *pro se*.[1] McLain challenges his 2009 Alabama state-court convictions for enticement of a child for immoral purposes, second-degree sexual abuse, and second-degree unlawful imprisonment. McLain raises two claims: (1) that his trial attorneys were constitutionally ineffective because they failed to inform him of his right to testify at trial and otherwise affirmatively prevented him from testifying; and (2) that his convictions on two counts of child enticement violate double jeopardy. The Magistrate Judge to whom the case was referred entered a report and recommendation

---

[1] Doc. no. 1 (Petition). While McLain is *pro se*, he has a law degree and was previously a practicing attorney. McLain has been released from custody, but because he remains under supervision, his *habeas* petition is not moot. Doc. no. 14 (Report & Recommendation), at 33 n.6.

pursuant to 28 U.S.C. § 636(b), recommending that the court deny *habeas* relief.[2] McLain filed objections to the report and recommendation, and those objections now are before the court.[3]

# I.

The facts and procedural history of the case are set forth in detail in the Magistrate Judge's 61-page report and recommendation, and will not be repeated here. McLain's objections include a footnote in which he requests generally that the court consider all arguments raised in his § 2254 *habeas* petition itself and his reply to the State's Supplemental Answer to his petition,[4] even though those arguments are not otherwise discussed in his Objections.[5]

Under 28 U.S.C. § 636(b)(1), a district judge must review and determine *de novo* those portions of the report and recommendation to which a party has raised a specific objection. *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1308 (11th Cir. 2016). While the court has discretion to address findings and conclusions to which no party has raised a specific objection, the statute does not require the court to do so. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Garvey v. Vaughn*, 993

---

[2] Doc. no. 14 (Report & Recommendation).
[3] Doc. no. 19 (Objections to Magistrate Judge's Report & Recommendation).
[4] Doc. no. 12 (Reply to State's Supplemental Answer to *Habeas* Petition).
[5] *See* doc. no. 19 (Objections to Magistrate Judge's Report & Recommendation), at 2 n.2.

F.2d 776, 779 & n.9 (11th Cir. 1993).[6] Moreover, a "specific objection must 'identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.'" *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). McLain was expressly advised of his obligation to make specific objections in the Magistrate Judge's report and recommendation,[7] and his footnote alluding to otherwise unspecified arguments in his petition and earlier briefing does not qualify as a "specific objection." Accordingly, this court declines to further discuss such potential objections, including ones to the Magistrate Judge's recommended rejection of McLain's double jeopardy claim. *See United States v. Wihbey*, 75 F.3d 761, 767 (1st Cir. 1996); *Hammonds v. Jackson*, No. 1:13-cv-711-MHS, 2015 WL 12866453, at *6 n. 2 (N.D. Ga. May 18, 2015); *Biscayne Towing & Salvage, Inc. v. M/Y Backstage*, No. 13-20041-CV-Lenard/Goodman, 2014 WL 12631851, at *3 (S.D. Fla. Dec. 3, 2014); *cf. Anderson v. Secretary for DOC*, 462 F.3d 1319, 1331 (11th Cir. 2006) (holding that a *habeas* petitioner was not entitled to a certificate of

---

[6] *See also Williams v. McNeil*, 557 F.3d 1287, 1290-91 (11th Cir. 2009); *Stephens v. Tolbert*, 471 F.3d 1173, 1176-77 (11th Cir. 2006); 11th Cir. R. 3-1 ("A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.").

[7] Doc. no. 14 (Report & Recommendation), at 60.

appealability when he merely incorporated by reference arguments made to the district court); *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n. 4 (11th Cir. 2004) (holding that a party had not properly presented issues on appeal by virtue of a footnote that summarily purported to incorporate by reference all arguments made to the district court).

## II.

McLain has raised two specific objections to the Magistrate Judge's recommendation to reject his claim that his attorneys provided him ineffective assistance of counsel by preventing him from testifying at trial. First, he asserts that the report and recommendation "incorrectly finds that the Alabama Court of Criminal Appeals applied the correct legal standard[s] from *Strickland* [*v. Washington*, 466 U.S. 668 (1984)], and [*Nix v. Whiteside*, 475 U.S. 157 (1986)]," for establishing prejudice on an ineffective assistance of counsel claim.[8] Second, McLain contends that the report and recommendation "incorrectly finds that [he] did not suffer prejudice under *Strickland* when [his] lawyers denied [him his] fundamental right to testify …."[9] The following subsections consider those arguments in turn.

### A.

---

[8] Doc. no. 19 (Objections to Magistrate Judge's Report & Recommendation), at 5 (alterations supplied).
[9] *Id.* at 8.

4

In *Strickland*, the Supreme Court held that, to prevail on an ineffective assistance of counsel claim, a defendant generally must show actual prejudice, based upon a test that asks whether, "but for counsel's unprofessional errors, there is a *reasonable probability* that the outcome of the proceeding would have been different." *Strickland,* 466 U.S. at 694 (emphasis supplied). The Court defined the phrase "a reasonable probability" as meaning "a probability sufficient to undermine confidence in the outcome," *id.*, but noted that it does not require a showing that counsel's deficient conduct "more likely than not altered the outcome of the case." *Id*. at 693. *See also Holland v. Jackson*, 542 U.S. 649, 654-55 (2004) (distinguishing between *Strickland's* "reasonable probability" standard for prejudice and a "preponderance of the evidence" standard). The Court later recognized in *Whiteside* that a defendant cannot establish prejudice under the *Strickland* standard based upon counsel's act of preventing a defendant from giving perjured testimony, even if the jury might have been swayed by it, because a defendant has no right to give perjured testimony in the first place. *Whiteside,* 475 U.S. at 175-76. McLain contends that the Alabama Court of Criminal Appeals failed to properly apply both of these precedents when determining whether he suffered prejudice as a result of his attorneys' ineffective assistance.

5

First, McLain complains that the Alabama Court of Criminal Appeals improperly relied on *Whiteside* because that case is factually dissimilar.[10] In particular, he asserts that no evidence in this record reasonably supports: (1) that he intended to give perjured testimony at trial; (2) that any fear of perjury, rather than broader strategic considerations, actually motivated his counsel to prevent him from testifying; or (3) that, even if his attorneys might have subjectively believed that he would give perjured testimony, they never articulated any supporting basis for that belief, making it objectively unreasonable.[11]

Even if McLain is correct about *Whiteside* being distinguishable from his case, his argument is misguided. It is true that the Alabama state courts relied in part on *Whiteside* as a basis for denying relief on McLain's ineffective assistance of counsel claim under Rule 32. McLain is also correct that the State has argued that this court might do likewise in denying federal *habeas* relief under § 2254. Nevertheless, the Magistrate Judge did not rely on *Whiteside* in his Report and Recommendation. To the contrary, he bypassed the issue of potential perjury under *Whiteside*, reasoning as follows:

> [I]f this court were to reject McLain's *Strickland* claim on the basis that he suffered no prejudice even if his proposed trial testimony *is*

---

[10] *Id.* at 7.

[11] *See id.* at 7-8.

6

considered, it would be unnecessary to address the state courts' alternative theory based on *Whiteside*, which effectively disregards the substance of a defendant's would-be trial testimony because of its ostensibly perjured nature. As such, the undersigned will assume at this point that McLain is correct that the factual finding of the Alabama state courts that he intended to give perjured testimony is unreasonable for purposes of 28 U.S.C. § 2254(d)(2) and that he was constitutionally entitled to testify. In that scenario, all that would matter is whether McLain suffered actual prejudice under *Strickland* considering his proposed trial testimony in light of all the other evidence from trial.

Doc. no. 14 (Report & Recommendation), 37-38 (alteration supplied, emphasis in original, footnote omitted). The Magistrate Judge then explained why McLain's claim must fail on the *Strickland* prejudice element even if his proposed trial testimony, as articulated on the stand in the Rule 32 proceeding, was considered in full.[12] The court agrees with the Magistrate Judge that, if McLain's ineffective assistance of counsel claim — based on a pure *Strickland* prejudice analysis that assumes his proposed testimony was *not* perjured — is rejected, then it would be unnecessary to consider whether McLain's counsel might have been authorized under *Whiteside* to prevent him from testifying. Accordingly, this objection is without merit.

McLain next purports to state an objection that the Magistrate Judge "incorrectly [found] that the *Alabama Court of Criminal Appeals* applied the correct

---

[12] Doc. no. 14 (Report & Recommendation), at 38-52.

7

legal standard [for assessing prejudice] from *Strickland* and *Whiteside*."[13] This court notes, however, that McLain's argument actually challenges the decision of the *Alabama trial court*. First, McLain contends that the state trial court's order denying post-conviction relief was improper because it constituted a wholesale adoption of the State's post-hearing adversarial brief, a practice that McLain says the Alabama Supreme Court criticized in *Ex parte Scott*, No. 1091275, 2011 WL 925761 (Ala. March 18, 2011). McLain further complains that the Magistrate Judge misunderstood his argument, insofar as the report and recommendation speaks in terms of the state trial court having adopted a "proposed order" submitted by the State, rather than having adopted the State's "answer" or "brief."[14] McLain claims that the Alabama Court of Criminal Appeals erroneously determined that the state trial court had "used the correct … *Strickland* standard for prejudice … based on the language that the trial court copied and pasted from the state's brief."[15] Rather, he asserts that the "one and only place [in the trial court's order] the trial court indicated its own standard it used for determining prejudice was in its conclusion," where the trial court stated that

---

[13] Doc. no. 19 (Objections to Magistrate Judge's Report & Recommendation), at 5 (alterations and emphasis supplied).

[14] *Id.* at 5-6; *also compare* Doc. no. 12-1 (Exhibit A to McLain's Reply to State's Supplemental Answer) *with* doc. no. 6-22 (Exhibit 1-C to State's Response to Petition for Writ of *Habeas Corpus*).

[15] Doc. no. 19 (Objections to Magistrate Judge's Report & Recommendation), at 6 (ellipses supplied).

8

McLain had failed to "'establish that the outcome would have been different.'"[16] Accordingly, McLain insists "that the trial court actually applied its own, incorrect standard for *Strickland* prejudice."[17]

McLain's arguments are unavailing. This court will assume, for the sake of argument, that the state trial court's order denying McLain's Rule 32 petition uncritically adopted the state's post-hearing brief, and that the trial court's action was improper under the Alabama Supreme Court's decision in *Ex parte Scott, supra*. Even so, the *Scott* case only held that a state trial court's adoption of the state's answer in opposition to a Rule 32 petition violated an implicit requirement in Ala. R. Crim. P. 32 that a trial court's order denying relief must actually "reflect the independent and impartial findings and conclusions of the trial court." *Ex parte Scott*, 2011 WL 925761, at *7 (quoting *Ex parte Ingram*, 51 So. 3d 1119, 1124 (Ala. 2010) (emphasis omitted)). Accordingly, even if the state trial court's adoption here amounted to error (and McLain does not appear to have raised such a claim in the Alabama Court of Criminal Appeals),[18] it would only be an error of state law arising in post-conviction proceedings, which cannot itself support a viable claim for *habeas*

---

[16] *Id.* (alteration supplied).

[17] *Id.*

[18] *See* doc. no. 6-23 (McLain's Brief to the Alabama Court of Criminal Appeals).

relief in a federal court. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("[F]ederal *habeas corpus* relief does not lie for errors of state law.") (alteration supplied, internal quotation marks and citation omitted); *Carroll v. Secretary, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for *habeas* relief.") (citing cases).

More to the point, as the Magistrate Judge recognized, for purposes of federal *habeas* review, the order of the state trial court is not what matters. Where a state court adjudicates a state prisoner's claim on the merits, as undisputedly occurred here with respect to McLain's ineffective assistance of counsel claim, federal courts cannot grant *habeas* relief on the claim unless the state-court adjudication

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In assessing the applicability of such deference, a federal *habeas* court evaluates the last reasoned state-court decision. *Wilson v. Sellers*, 584 U.S. ___, 138 S. Ct. 1188, 1192 (2018); *Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335 (11th Cir. 2019) (pagination not yet available). In McLain's case, that is the opinion of the Alabama Court of Criminal Appeals, not the trial court's order.

The Magistrate Judge addressed at length why the decision of the Alabama Court of Criminal Appeals contained sufficient indicia that it purported to apply the proper *Strickland* prejudice standard, and why its decision rejecting McLain's ineffective assistance of counsel claim is entitled to deference under § 2254(d).[19] Nothing in McLain's objections gives the court pause about the correctness of that analysis. This argument is without merit.

**B.**

McLain also argues that the Magistrate Judge incorrectly reached a substantive determination that his inability to testify failed to result in prejudice under *Strickland*. In particular, McLain seeks to support that contention with over twenty pages of briefing explaining in detail what he would have testified to at trial. In so doing, McLain addresses a host of subjects on a point-by-point basis, seeking to explain how he would have rebutted specific, adverse testimony presented against him by the two minor victims and a police officer who recounted statements that McLain allegedly made to him during an interview.[20] Those arguments also are unavailing.

When determining whether a state court adjudication is entitled to deference under 28 U.S.C. § 2254(d)(1) — *i.e.*, whether it was "contrary to" or "involved an

---

[19] *See* doc. no. 14 (Report & Recommendation), at 41-52.
[20] Doc. no. 19 (Objections to Magistrate Judge's Report & Recommendation), at 8-30.

unreasonable application of" Supreme Court precedent — a federal *habeas* court's review is limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 180-82 (2011); *Reaves v. Secretary, Fla. DOC*, 872 F.3d 1137, 1153-54 (11th Cir. 2017). McLain acknowledges that the state trial court granted him a hearing on his ineffective assistance of counsel claim in the Rule 32 proceeding, and that he was allowed to discuss his proposed trial testimony. It was on the basis of that record that the Alabama Court of Criminal Appeals concluded that McLain failed to establish *Strickland* prejudice. Accordingly, under *Pinholster*, this court's review of that adjudication under § 2254(d)(1) is limited to McLain's proposed trial testimony *as he presented it in the Rule 32 proceedings*, and not on any further embellishments he might now offer.

McLain nevertheless insists that, at a minimum, he is entitled to an evidentiary hearing in this court to prove *Strickland* prejudice based on his current, blow-by-blow account of his proposed trial testimony, the bulk of which he concedes he did not articulate in the Rule 32 proceedings. McLain argues that the state court's rejection of his claim of prejudice rests on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2), because,

12

at the Rule 32 hearing, the state court allegedly "refused to hear all but a very brief narrative of what a small portion of [McLain's] testimony would have been."[21]

Arguably, if the state trial court had affirmatively prevented McLain from offering his present, more detailed version of his would-be trial testimony during the Rule 32 proceeding, that could have given rise to a determination that the state court's rejection of McLain's claim of *Strickland* prejudice was based on an unreasonable "determination of the facts" for purposes of § 2254(d)(2), thereby entitling McLain to an evidentiary hearing in this court. *Cf. Brumfield v. Cain*, – U.S. –, 135 S. Ct. 2269, 2276 (2015) (holding that the refusal of state courts to grant the defendant's request for an evidentiary hearing was premised on an "unreasonable determination of the facts" under § 2254(d)(2)). Even so, McLain's assertion that the state court materially impeded his ability to put forth his current version of his proposed trial testimony has no factual support in the state court record. Rather, the record shows that, even before McLain began testifying on the issue, his own attorney, James A. Mick, prefaced his examination by stating that it was "presumptively prejudicial" that McLain had been denied his right to testify, but that he still wanted "to offer a little bit of testimony about what Mr. McLain would have testified in his response to the

---

[21] *Id.* at 8 (alteration supplied).

allegations against him."[22] Likewise, McLain's counsel told McLain at the outset of his questioning on the subject, "We are not going to retry the case, so I just want you to make your answers as brief as possible."[23] Then, the following testimony occurred:

> Q. Now, if the ladies testified that you offered to give them a ride, what would your testimony have been?
>
> A. I never offered to give them a ride. In fact, I never would have noticed them if they hadn't been screaming and yelling and waving their arms like crazy in the middle of the road when I went by trying to get me to stop. In fact, when I got — by the time I got turned around, they had already stopped another guy in a pickup truck. Miss [L.E.E] stayed over by the pickup truck and Miss [A.N.P.] ran around — in fact, Miss [A.N.P.] ran smack dab in front of my car and I slammed on my brakes so hard, I almost ran over her.
>
> MS. POE [State's Attorney]: Your Honor, I object to this long narration. We are not retrying this case.
>
> THE WITNESS: Okay, I never offered to give them a ride. They asked for a ride.
>
> THE COURT: All right, if you want to give me a short, concise, quick narrative of what he said, that's fin[e], but we are not going to retry this case by Rule 32.
>
> MR. MICK: Yes, sir. Thank you, sir.

Doc. no. 6-21 (Rule 32 Hearing Transcript), at 56-57 (alterations supplied).

---

[22] Doc. no. 6-21 (Rule 32 Hearing Transcript), at 56.
[23] *Id.*

14

According to McLain, the court's brief admonitions that he should provide a "short, concise, quick narrative," and that the case would not be "retr[ied] … by Rule 32" unfairly precluded him from giving any detailed answers regarding his proposed trial testimony. That argument is not persuasive. The trial court's remark, consistent with evidentiary rules, cautioned McLain's counsel generally against having McLain give broad ranging testimony in narrative form, rather than through specific questions and answers. Moreover, following that exchange, McLain's counsel proceeded to question him for several minutes about various aspects of his proposed trial testimony, without any objection by the State or interruption by the trial judge.[24] On cross-examination, the State's attorney also questioned McLain about his proposed trial testimony, again without limitation by the court.[25] Finally, McLain's counsel and the State's attorney both examined McLain further but chose not to ask any more questions about his proposed trial testimony, whereupon McLain was excused as a witness.[26] Therefore, the record reveals that the state trial court generally allowed McLain's attorney free reign to question McLain regarding the substance of McLain's proposed trial testimony, as long as McLain did not attempt to testify in narrative

---

[24] *Id.* at 57-60.
[25] *Id.* at 69-72.
[26] *Id.* at 72-75.

fashion. That belies McLain's claim that the state court unfairly restricted him from giving detailed testimony at the Rule 32 hearing about what he would have said on the stand at trial. McLain is not entitled to have this court hold a hearing or otherwise consider evidence beyond what was in the state court record, when the Alabama Court of Criminal Appeals rejected his ineffective assistance of counsel claim on the merits.[27]

This court concludes that the decision of the Alabama Court of Criminal Appeals — that McLain did not suffer prejudice under *Strickland* — neither was "contrary to," nor "involved an unreasonable application" of Supreme Court precedent, § 2254(d)(1), or resulted from an "unreasonable determination of the facts" under § 2254(d)(2). Affording that state appellate ruling the required deference, based on the state court record, the court agrees with the Magistrate Judge that McLain is not entitled to *habeas* relief. McLain's objection is without merit.

## III.

---

[27] Even setting aside any restrictions on taking new evidence that might be imposed by § 2254(d), the court notes that McLain's allegations with regard to the substance of his proposed trial testimony are neither sworn nor in the form of an unsworn declaration that complies with 28 U.S.C. § 1746. As such, they are not in proper evidentiary form. Even though McLain could potentially remedy that defect, he failed to include this new, detailed account of his proposed trial testimony in the materials that were before the Magistrate Judge. While the court is authorized at this stage to consider evidence and arguments not presented the Magistrate Judge, it is not *required* to do so. *Williams*, 557 F.3d at 1290-91. Here, the court declines to consider McLain's new allegations insofar as he clearly could have presented them to the Magistrate Judge but did not do so.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Magistrate Judge's Report and Recommendation and the petitioner's objections thereto, the court is of the opinion that the Magistrate Judge's findings are due to be **ADOPTED**, and his recommendation **ACCEPTED**. Petitioner's Objections are due to be **OVERRULED**. As a result, the petition for writ of *habeas corpus* is due to be **DENIED**, and this action **DISMISSED WITH PREJUDICE**. Further, because the petition does not present issues that are debatable among reasonable jurists, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings.

A separate Final Order consistent with this memorandum will be entered contemporaneously herewith.

DONE this the 18th day of January, 2019.

_____
United States District Judge